UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-738-H

SNIDER BOLT & SCREW, INC.                                         PLAINTIFF

V.

QUALITY SCREW & NUT                                               DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Snider Bolt & Screw, Inc. ("Snider"), has made numerous claims against

Defendant, Quality Screw & Nut ("QSN"), arising from the actions of its employee, James Scott.

Scott worked for Snider and on June 25, 2002, entered into an employment agreement, which

included a Covenant Not to Compete (the "Covenant").  On October 21, 2005, Scott left Snider

and went to work for QSN, a competitor.  On November 18, 2005, this Court entered a

temporary restraining order which prevented QSN from using Scott's services to compete

against Snider.

After extensive discovery, both sides have recently moved for summary judgment.

Snider moves for summary judgment on each of its claims based upon its assessment of the

evidence.  QSN responded with its own motion, which argues among other things, that Snider's

claim failed because the Covenant is unenforceable.  QSN also argues that the evidence bars all

Snider's claims.

This Court will consider QSN's motions at this time.

I.

QSN argues that the Covenant is unenforceable because it (1) lacks consideration, (2) is

unreasonable, and (3) is ambiguous.  None of these arguments are supported by Kentucky law, the evidence or the language of the covenant not to compete.

Snider says that when Scott signed his covenant not to compete in 2002, he did so based upon an implied promise that Snider would continue his employment.  Indeed, Snider did maintain Scott's employment until Scott himself resigned or left his job in October, 2005. Kentucky courts have found quite specifically that "where an employer has fulfilled an implied promise to continue the employee's employment, that promise is sufficient consideration as support enforcement of the employee's promise not to compete."  *Central Adjustment Bureau, Inc. v. Ingram Associates, Inc.*, 622 S.W.2d 681, 685 (Ky. App. 1981).  The Kentucky Supreme Court subsequently held in *Higdon Food Serv., Inc. v. Walker,* 641 S.W.2d 750 (Ky. 1982), that even continued at-will employment would be sufficient consideration.  Here, Scott worked for another three years and left on his own accord to join QSN.  These circumstances fit within the rule and the Court finds that the Covenant is supported by adequate consideration.

The Covenant itself is quite reasonable.  The prohibitions are limited to one year and to work or employment specifically adverse to Snider, which competes in a highly specialized and unique industry.  The Covenant seems to be no more restrictive than is necessary to protect Snider and its legitimate business interests.  At the same time the Covenant leaves Scott plenty of opportunity to work for noncompeting companies, or even competing companies so long as his work does not compete.

The Covenant is unambiguous as applied in these circumstances.  QSN argues that the prohibitions against "selling" or "soliciting" are ambiguous.  The Court believes, however, that each term has a normal and expected meaning which are easily discerned and not unduly broad.

2

Indeed, QSN's President, Art Wondrasek, defined each term quite well in his deposition:

> " Solicit," to me, would mean that you were trying to receive an
> opportunity to be able to provide a product or be able to give a
> quotation on a product.  "Selling" would actually be the execution
> of the support needed after the solicitation has been successful."

The Court is reasonably satisfied with these definitions or something similar to them.

For all these reasons the Court finds that the employment agreement, including the Covenant Not to Compete, is enforceable under Kentucky law.

## II.

The Court has reviewed QSN's motion for summary judgment as to various of Snider's claims.  Under no circumstances is the Court prepared to sustain those motions.

After QSN received the MTD contract, Scott became an attractive candidate for employment due to his knowledge of MTD's business and personnel.  The problem with hiring Scott based upon these obvious attributes was that to take full advantage of them would require Scott to violate his covenant not to compete.

At the very least, the evidence is subject to the inference that Scott violated his covenant not to compete by soliciting and selling products similar to Snider's, or at the very least assisting in the soliciting and selling of these products.  By knowingly placing Scott in that position and by likely benefitting from that placement, QSN exposed itself to liability under each of Snider's claims.  Consequently, the Court has no basis for sustaining QSN's motions for summary judgment.

## III.

The Court will consider Snider's own motions for summary judgment and its motion for the imposition of fines for contempt of the Court's restraining order at a later time.

3

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that QSN's motion for summary judgment based upon the unenforceability of the Covenant Not to Compete is DENIED.

IT IS FURTHER ORDERED that the Court declares that the Covenant is valid and be enforceable under Kentucky law.

IT IS FURTHER ORDERED that QSN's motion for summary judgment as to Snider's claims are DENIED.

The Court will consider Snider's motions for summary judgment in the near future and will set a trial date, if appropriate.

cc:      Counsel of Record