UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-738-H

SNIDER BOLT & SCREW, INC.                                                              PLAINTIFF

V.

QUALITY SCREW & NUT                                                                   DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Snider Bolt & Screw, Inc. ("Snider") has moved for summary judgment on its own claims.  Just recently, the Court denied a similar motion by Defendant, Quality Screw & Nut ("QSN") and also found that the employment agreement and covenant not to compete upon which Snider bases its own claims is valid and enforceable.  The Court has now had an opportunity to consider whether Snider is entitled to summary judgment on its claims prior to a full trial before the Court on the merits.  That consideration included a conference with counsel.  For the reasons that briefly follow, the Court concludes that a trial is necessary to resolve this issue.

When QSN hired Jim Scott from Snider, it certainly knew that Scott had worked under an employment agreement which included a covenant not to compete.  It would seem to be a very "fine line to walk."   For QSN to obtain reasonable use of Scott's talents and experience without also violating Scott's covenant not to compete would require very careful limitations on his work for them.  This would involve not just a clear definition of his work and the restrictions to it, but careful supervision to avoid "informal" violations of the covenant.  The actual live testimony of the witnesses will be essential to evaluating whether Scott's employment activities with QSN

violated his covenant not to compete and what role QSN's own knowledge and activities played a role in a violation, if any.

At the conference, Snider's counsel stated that he would not attempt to prove actual damages. Consequently, Snider has no remaining claims in tort. Therefore, the only remaining claim is for violation of the Court's restraining order.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Snider's motion for summary judgment is DENIED as to the breach of the Court's restraining order.

IT IS FURTHER ORDERED that Plaintiff's tort claims for interference with contractual relations and unfair competition are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that a court trial on Snider's remaining claim is set for **October 13, 2009, at 9:30 a.m.**

cc:     Counsel of Record